IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KYLE KURTZ,**

          **Petitioner,**

v.

**WARDEN, BELMONT
CORRECTIONAL INSTITUTION,**

          **Respondent.**

Civil No. 2:19–cv–5186
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14–1 regarding assignments and references to United States Magistrate Judges.

Petitioner moves this Court for leave to proceed in forma pauperis. (Doc. 3.) Because Petitioner has paid the required filing fee, that motion is **DENIED** as moot.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), the Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears that Petitioner is not entitled to relief because

he has failed to exhaust his claims. Accordingly, the Magistrate Judge **RECOMMENDS** that Petitioner's claims be **DISMISSED without prejudice**.

## Discussion

Petitioner challenges his convictions in the Court of Common Pleas for Franklin County, Ohio for aggravated robbery, kidnapping, two counts of murder, and one count of aggravated murder. (Doc. 1, at PAGE ID # 1.) It appears that the state appellate court upheld those convictions on September 27, 2018. (*Id.*, at PAGE ID # 2.) It also appears that Petitioner attempted to file an appeal of that determination in the Ohio Supreme Court, but it was denied as untimely. (*Id.*) Petitioner subsequently filed a motion for delayed appeal in the Ohio Supreme Court. (*Id.*, at PAGE ID # 13.) The on-line docket maintained by the Clerk of the Ohio Supreme Court reveals that Petitioner's motion for delayed appeal remains pending. *State of Ohio v. Kurtz*, 2019-1563, Ohio Supreme Court, November 12, 2019. On November 20, 2019, Petitioner filed his petition for federal habeas relief in this Court by placing it in the prison mailing system. (Doc. 1, at PAGE ID # 32.)

Petitioner has failed to exhaust his claims. A state prisoner must exhaust his available remedies in the state courts before a federal habeas court may grant relief. *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, the claim is not exhausted. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating exhaustion of the available state court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

In this case, Petitioner acknowledges that he did not file a timely appeal of the state appellate court's September 27, 2018, determination to the Ohio Supreme Court. Nevertheless, Petitioner still has a state law procedure available to raise his claims in the Ohio Supreme Court—a motion for a delayed appeal to the Ohio Supreme Court pursuant to Ohio S. Ct. Prac. R. 7.01(A)(4). Indeed, he has availed himself of that procedure and filed a motion for delayed appeal. That motion remains pending. Accordingly, Petitioner's claims have not been exhausted.

**Recommended Disposition**

Accordingly, the Magistrate Judge **RECOMMENDS** that the petition be **DENIED without prejudice** and that this action be **DISMISSED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation* ("R&R"), that party may, within fourteen days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to this R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o:

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

**IT IS SO ORDERED**.

Date: December 27, 2019            /s/ Kimberly A. Jolson
                                   KIMBERLY A. JOLSON
                                   UNITED STATES MAGISTRATE JUDGE